## MOFFETT v. POWELL et al.

**Pleading — Contract — Written Evidence.**

> What was the subject of the proposition, though doubtless understood by the parties, is not shown by the letter in evidence, and it is not stated in the petition that it was shown by the letter in which the defendant says that he accepted the proposition. There was, therefore, no contract evidenced by writing.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 22, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

Powell's letter of the 8th of September, 1864, seems to refer to and to renew a previous proposition made to the plaintiff. The language is, " my last proposition was $1,700 — $5 down, and the rest in three years at six per cent. interest (if I recollect rightly), at least, above will do." What was the subject of the proposition, though doubtless understood by the parties, is not shown by this letter, and it is not stated in the petition that it was even shown by the letter in which the defendant says he accepted the proposition, which letter having been sent to the defendant without preserving a copy is not filed by plaintiff, nor called for from the defendant. Nor is there any statement either of its date or of its contents, except by saying that in it the proposition was accepted.

The defendants' subsequent letter of November 20, 1864, exhibited by plaintiff, shows that houses were the subject of the negotiation, but does not show to what houses or what ground or land it referred, and instead of acknowledging or proving that plaintiff had accepted the writer's proposition, it imports an acceptance of plaintiff's proposition, requiring, however, as a condition of performance, the immediate payment of $50 for back rents — which was not complied with — nor does it appear what the plaintiff's proposition was. There was, therefore, no contract evidenced by writing. The $50 afterward paid was paid for back rents, and is not reclaimable. No money was paid or tendered for the houses by way of purchase. The mortgage of them to the owner

was void, as was also the note, and no demand for their surrender or cancelment having been made there was no ground for applying to a court of equity.

Wherefore, the judgment is affirmed.